```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Dana E. Moody

    v.                                    Civil No. 16-cv-21-JL

PennyMac Loan Services, LLC


**REPORT AND RECOMMENDATION**

In a case that has been removed from state court, Dana E. Moody, proceeding pro se, brings this action against PennyMac Loan Services, LLC ("PennyMac") alleging violations of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq. Before the court for a report and recommendation are Moody's motions to remand (doc. nos. 10, 19, 23, & 27) and for default judgment (doc. nos. 11, 20, 24, & 28). For the reasons stated below, the court recommends that the motions be denied.


**Background**[1]

Moody previously owned a home in New Boston, New Hampshire. Compl. ¶ 1, doc. no. 30.[2] In 2010, PennyMac began to service Moody's mortgage loan. Id. ¶ 2; Compl. Ex. C, doc. no. 30-3.

---

[1] A more detailed background can be found in the court's June 6, 2016 report and recommendation. Doc. no. 37.

[2] The complaint referenced is Moody's amended consolidated complaint submitted on April 6, 2016. Doc. no. 30.

In July 2014, Moody's home was foreclosed and sold at auction. Compl. ¶ 3; Compl. Ex. C.

The next year, in April 2015, Moody sent a letter to PennyMac requesting five categories of documents. Compl. Ex. A. The next month, PennyMac acknowledged receipt of Moody's April 2015 letter and soon after responded, in part, to Moody's requests. Compl. Ex. B; Compl. Ex. C.

In August 2015, Moody sent another letter to PennyMac. Compl. ¶ 14; Compl. Ex. D. Moody's August 2015 letter requested eight additional categories of documents. Compl. Ex. D. PennyMac acknowledged receipt of Moody's August 2015 letter but never responded to Moody's document requests. Compl. ¶¶ 15-16; Compl. Ex. E.

In September 2015, Moody sent another letter, this time addressed to PennyMac's foreclosure counsel in Rhode Island. Compl. Ex. F. Neither PennyMac nor its foreclosure counsel responded to Moody's September 2015 letter. Compl. ¶ 19.

In October 2015, Moody sent a third letter to PennyMac and his fourth letter since April requesting certain documents. Compl. ¶ 20; Compl. Ex. G. The October 2015 letter requested documents initially requested in Moody's earlier letter to PennyMac's foreclosure counsel and five additional categories of documents. Compl. ¶¶ 20-21. PennyMac acknowledged receipt of Moody's October 2015 letter but, again, did not respond to

2

Moody's document requests.  Compl. ¶ 22-23; Compl. Ex. H.  This suit followed.

### Discussion

A month after PennyMac removed Moody's four actions to this court, Moody filed a motion to remand as well as a motion for default judgment.[3]  Moody's motion to remand alleges that he filed his complaints in state court against PennyMac on December 21, 2015.  Doc. no. 10 ¶ 1.  According to Moody, the state court sent PennyMac a copy of the complaint and permitted it until January 22, 2016 to file a response.  Id. ¶¶ 2-3.  On the day before the response deadline, PennyMac filed its notice of removal in this court.  Id. ¶ 5; doc. no. 1.  Moody alleges that PennyMac, however, failed to notify the state court of its removal until after the allotted response deadline in state court.  Id. ¶¶ 8-9.

Moody contends that because PennyMac served a copy of its notice to the state court after the response deadline, PennyMac has defaulted and removal to this court was improper.  See doc.

---

[3] This case was consolidated from four actions to one.  See Dockets 16-cv-00022-PB, 16-cv-00024-LM, & 16-cv-00025-JL. Before consolidation, Moody filed a motion to remand and a motion for default judgment in each action.  Doc. nos. 10, 11, 19, 20, 23, 24, 27 & 28.  Although eight separate motions appear on the docket, the motions are nearly identical and are viewed by the court as one motion to remand and one motion for default judgment.

3

nos. 10, 11.  PennyMac objects, arguing that removal was proper and default cannot be entered in this court.  The court agrees.

Under 28 U.S.C. § 1446, "[a] defendant may remove a civil case from state to federal court only if the federal court has 'original jurisdiction' over the action . . . ." <u>Universal Truck & Equip. Co., Inc. v. Caterpillar</u>, Inc., No. 15-1609, 2016 WL 3509541, at *3 (1st Cir. June 27, 2016).  A defendant, though, must file its notice of removal within thirty days of service.  28 U.S.C. § 1446(b).  In addition, after filing a notice of removal, a defendant must "[p]romptly . . . file a copy of the notice with the" state court.  § 1446(d).

Here, PennyMac filed its notice of removal on January 21, and the state court received a paper copy the next day.  Doc. 10 ¶ 8.  Moody alleges that the state court rejected the copy (because the court does not accept paper copies) and requested that the notice be filed electronically.  <u>Id.</u> ¶ 9.  PennyMac did so three days later.  Doc. no. 42-1.  Therefore, at the latest, PennyMac filed a copy of its notice of removal with the state court four days after filing in this court.[4]

Importantly, Moody does not appear to argue that this court does not have original jurisdiction or that PennyMac improperly

---

[4] In addition, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), PennyMac filed its original motion to dismiss in lieu of an answer within seven days after the notice of removal. Doc. no. 6.

filed its notice of removal, but rather it failed to promptly file a copy with the state court. Yet, the plaintiff does not allege any prejudice from the four-day delay between filings, and no significant action has been taken by the state court since PennyMac filed its notice of removal. See doc. no. 42-1. Thus, under these circumstances, a four-day delay between filing a notice of removal and providing a copy to the state court is sufficiently "prompt," and the court should not remand this action back to the state court. See Ynoa v. Kutner, No. 10-5398, 2011 WL 1796320, at *2-3 (S.D.N.Y. May 5, 2011) (denying remand and noting that the court was not aware of any action taken by the state court during the delay and plaintiff did not claim that she suffered any prejudice due to the sixty-seven day delay).

Moreover, even if PennyMac had defaulted in state court,[5] this court maintains jurisdiction. See Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975) ("[J]urisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed"); Sindi v. El-Moslimany, No. CIV.A. 13-10798-GAO, 2014 WL 1281522, at *2 (D.

---

[5] In its supplementary briefing, PennyMac attached a copy of the state court's electronic docket showing that default had not been entered by the state court. See doc. no. 42-1.

5

Mass. Mar. 26, 2014) ("Because this Court and the state court had concurrent jurisdiction, 'the default was effective, but did not defeat the jurisdiction of the federal court which had already attached.  The effect of the default was the same as if it had been entered by [this] court upon failure of [the defendants] to answer a complaint originally filed there.'") (quoting Berberian, 514 F.2d at 792).

Lastly, Moody's motions for default judgment should also be denied.  Obtaining a default judgment under Federal Rule of Civil Procedure 55 "is a two[-]step process that requires the entry of a default by the clerk prior to the entry of a default judgment."  Allied Home Mortgage Capital v. Belli, No. CIV.A. 12-10158-GAO, 2012 WL 3059423, at *7 (D. Mass. July 25, 2012); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  These two steps cannot be consolidated.  See e.g., VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004).  Thus, without an entry of default by the clerk, Moody may not seek default judgment against PennyMac.

6

**Conclusion**

For the foregoing reasons, the court recommends that Moody's motions to remand (doc. nos. 10, 19, 23, & 27) and for default judgment (doc. nos. 11, 20, 24, & 28) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

August 30, 2016

cc:   Dana E. Moody, Pro Se
      Kevin P. Polansky, Esq.