UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dana E. Moody

   v.                                  Case No. 16-cv-021-JL

PennyMac Loan Services, LLC

**REPORT AND RECOMMENDATION**

The pro se plaintiff, Dana Moody, brings this action against PennyMac Loan Services, LLC ("PennyMac"), alleging violations of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, et seq. Before the court for Report and Recommendation is Moody's motion to amend his amended consolidated complaint, doc. no. 49, to which PennyMac objects, doc. no. 52. The court held a telephonic hearing on November 9, 2016. For the following reasons, the court recommends that the district judge grant Moody's motion.

**Background**[1]

Moody originally brought this matter as four separate actions in state court. These actions were removed to federal court and consolidated. On April 6, 2016, pursuant to court order, Moody filed an amended consolidated complaint ("first

---

[1] The court provides a brief procedural background for the purposes of context. A more detailed background can be found in the court's June 6, 2016 Report and Recommendation. See doc. no. 37.

amended complaint"). Doc. no. 30. On April 22, 2016, PennyMac moved to dismiss the first amended complaint for failure to state a claim. Doc. no. 31. The district judge referred this motion to the undersigned magistrate judge.

On June 6, 2016, this court issued a Report and Recommendation recommending that the district judge dismiss Moody's first amended complaint. Doc. no. 37. The court concluded that Moody had not alleged actual damages and could accordingly only recover, in the form of statutory damages, if he could establish "a pattern or practice" of noncompliance with RESPA by PennyMac.[2] Id. at 16–17. In his first amended complaint, Moody alleged that PennyMac violated RESPA by failing to properly respond to twenty qualified written requests ("QWRs") that he had propounded on PennyMac over the course of four letters. The court disagreed, concluding that the letters themselves, and not the individual requests therein, constituted potential QWRs under RESPA. Id. at 17. The court further concluded that two of these letters — a September 2015 letter and an April 2015 letter — were not valid QWRs, and that the two remaining letters — dated August 2015 and October 2015, respectively — were insufficient to establish a pattern or

---

[2] Statutory damages are only available when a claimant can show "a pattern or practice of noncompliance . . . ." 12 U.S.C. § 2605(f)(1)(B).

2

practice of noncompliance by PennyMac.  Id.  Accordingly, the court concluded that Moody had failed to state a viable claim against PennyMac under RESPA.

On June 20, 2016, Moody filed a purported "Objection to Magistrate's Report and Recommendation."  Doc. no. 40.  The district judge construed this as a motion for reconsideration of the June 6, 2016 Report and Recommendation and referred it to the undersigned for review.  On August 26, 2016, Moody filed the instant motion to amend.  Four days later, on August 30, 2016, the court issued an order substantively addressing the arguments raised by Moody in his June 20, 2016 filing, and denying his request for reconsideration of the June 6, 2016 Report and Recommendation.  Doc. no. 51.  Thereafter, the district judge referred Moody's motion to amend for review.

## Standard of Review

"[L]eave to amend should be 'freely given' in circumstances in which 'justice so requires.'"  Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (brackets omitted) (quoting Fed. R. Civ. P. 15(a)(2)).  This does not mean, however, that "'a trial court must mindlessly grant every request for leave to amend.'"  Id. (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)).  A court may deny a motion to amend "when the request is characterized by

3

'undue delay, bad faith, futility, or the absence of due diligence on the movant's part.'"  Id. (brackets and ellipsis omitted) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).  A request can similarly be denied if the proposed amendment "'would serve no useful purpose.'"  Id. (quoting Aponte-Torres, 445 F.3d at 58).

**Discussion**

Moody seeks to amend his first amended complaint to include two additional letters, dated February 24, 2015 ("February 2015 letter") and March 23, 2016[3] ("March 2016 letter"), respectively. Moody contends that these letters constitute additional QWRs and asserts that, when considered in conjunction with the August 2015 and October 2015 letters, they establish a cognizable claim that PennyMac engaged in a pattern or practice of noncompliance with RESPA.

First, the February 2015 letter.  PennyMac's response to this letter is dated March 30, 2015.  Doc. no. 49-3.  Moody does not dispute that he timely received this response, and indeed referenced the February 2015 letter in his first amended complaint and his objection to PennyMac's motion to dismiss.

---

[3] This date is handwritten above a crossed-out, typed date of November 23, 2015.  At the hearing, Moody explained that the typed date was a scrivener's error, and that the handwritten date is correct.

4

See doc. no. 30, ¶ 25; doc. no. 33, ¶ 2.  He asserts that PennyMac did not properly respond to three of the requests in this letter, but notes that he did not previously seek damages with respect to this letter because PennyMac "either . . . did provide [the documents] upon subsequent [request] . . . or [Moody] subsequently determined that [he] no longer required the documents [in question]."  Doc. no. 49.  During the telephonic hearing, Moody emphasized his pro se status and stated that he did not previously realize the importance of alleging a violation of RESPA with respect to this letter.  He accordingly seeks to amend his complaint now to include this letter in order to "provide such additional evidence to support the fact that [PennyMac] did in fact engage in a pattern or practice of non-compliance . . . ." Id.

    The March 2016 letter was sent after this action commenced.  PennyMac's response, which was prepared by counsel, is dated May 3, 2016.  Doc. no. 52-2.  During the telephonic hearing, Moody stated that he received this response on May 23, 2016, an assertion that PennyMac did not dispute.  This date falls after the date Moody filed his objection to PennyMac's motion to dismiss, but prior to his purported motion to reconsider to the June 6, 2016 Report and Recommendation.  In his motion to amend, Moody characterizes the March 2016 letter as a "new letter also containing multiple QWRs . . . ."  Doc. no. 49.

PennyMac opposes allowing Moody to amend his complaint to include either letter.  First, PennyMac contends that Moody's basis for seeking an amendment — in PennyMac's view, to evade the conclusions in the June 6, 2016 Report and Recommendation — is improper.  In a similar vein, PennyMac contends that Moody's request to amend is untimely, as it substantively seeks reconsideration of the June 6, 2016 Report and Recommendation.  PennyMac further contends that the proposed amendment would be futile because PennyMac properly responded to all requests in both letters.  Finally, PennyMac contends that even if these letters did constitute RESPA violations, Moody still cannot establish a pattern or practice of noncompliance on the part of PennyMac.

When considering this case in its totality, see Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989), the court concludes that Moody should be allowed to amend his first amended complaint to include the February 2015 and March 2016 letters.  The court is not convinced that the presently sought amendments are the result of undue delay, bad faith, or the absence of due diligence on Moody's part.  During the telephonic conference, Moody indicated that he did not appreciate the importance of these letters until he reviewed the June 6, 2016 Report and Recommendation.  Given Moody's pro se status and the procedural background of this

6

case, the court finds this contention to be reasonable.

This is especially true in light of the court's determinations in the June 6, 2016 Report and Recommendation with respect to damages. As noted, RESPA allows the recovery of both actual and statutory damages. 12 U.S.C. § 2605(f)(1). In the June 6, 2016 Report and Recommendation, the court concluded that Moody had not pleaded actual damages, thus limiting Moody's potential recovery solely to statutory damages. Doc. no. 37, at 16. To recover statutory damages, a claimant must establish "a pattern or practice of noncompliance with the requirements [of RESPA]" on the part of the defendant. 12 U.S.C. § 2605(f)(1)(B). Thus, it is conceivable that Moody did not realize that he could only recover on a "pattern or practice" theory until after he reviewed the Report and Recommendation.

Though Moody did not reference either letter in his purported "Objection to Magistrate's Report and Recommendation," this is not fatal to his present motion. It is unclear whether Moody ever intended this filing to be a formal motion for reconsideration of the June 6, 2016 Report and Recommendation, and the district judge only construed it as such "in an abundance of caution due to the plaintiff's pro se status . . . ." See July 2, 2016 Endorsed Order. The court therefore cannot meaningfully determine whether Moody neglected to mention these letters in a formal request for

reconsideration, or merely objected to the conclusions in the June 6, 2016 Report and Recommendation on certain discrete bases to which he did not believe these additional letters were relevant.  In light of this confusion, the court cannot conclude that Moody waived the ability to raise these letters now.

Finally, the court concludes that it is premature to determine whether Moody's proposed amendments are futile. Though not unpersuaded by PennyMac's arguments in this respect, given that Moody seeks to rely on these letters to support a "pattern or practice" claim, the court concludes that it would be more appropriate to consider the viability of this theory pursuant to a global dispositive motion rather than the piecemeal manner the instant motion presents.  In the event PennyMac files a subsequent dispositive motion, then it may rely upon any relevant argument previously raised in relation to its motion to dismiss or the present motion to amend, along with any other arguments it deems appropriate, at that time.

In reaching the above conclusions, the court is cognizant that if the district judge approves this Report and Recommendation, PennyMac's motion to dismiss will be denied without prejudice.  See LR 15.1(c).  The court acknowledges that this poses an inconvenience to PennyMac.  Still, in the event PennyMac files a subsequent dispositive motion, many of the arguments therein will likely already have been developed in the

previous motion to dismiss and/or opposition to the instant motion. Thus, the court does not believe that PennyMac will be severely prejudiced by allowing Moody to amend his cause of action.

## Conclusion

Based on the foregoing, the court recommends that the district court grant Moody's motion to amend. Doc. no. 49. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

November 28, 2016

cc: Dana E. Moody, pro se
    Kevin P. Polansky, Esq.

9